UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| WILLIAM MICHAEL OXENTINE | ) | |
| | ) | |
| v. | ) | NO. 2:09-CV-155 |
| | ) | |
| SHERIFF MIKE REECE, | ) | |
| | ) | |
|     in his individual and official capacities, | ) | |
| | ) | |
| JOHNSON COUNTY, TENN., and | ) | |
| JOHNSON COUNTY MAYOR RICHARD | ) | |
| GRAYSON | ) | |

## **MEMORANDUM and ORDER**

William Michael Oxentine, a former prisoner in a local jail, has filed this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that he was assaulted by another inmate and then denied medical care for the injuries he sustained [Doc. 3]. Plaintiff's application to proceed *in forma pauperis* is **GRANTED** [Doc.1]. However, no service shall issue and his complaint will be dismissed.

Plaintiff alleges that, on July 24, 2008, while he was serving a sentence for a violation of his probation, he was assaulted and seriously injured by a state inmate, one Eric Matney, with whom he was housed in the Johnson County jail. Even though his injuries were obvious and readily observable, defendant Sheriff Mike Reece, through his agents at the Johnson County jail, failed and refused to provide any medical attention to plaintiff. As

a result of that denial, plaintiff has lost the use of his right arm and is permanently and partially disabled. Plaintiff seeks damages in an amount to compensate him for his permanent injury, for pain and suffering, for future medical attention, and for lost wages.

A case filed *in forma pauperis*, such as this one, must be screened under 28 U.S.C. § 1915(e)(2), *see McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. If any of these descriptions apply, the case must be dismissed. The Court has determined that, based upon the following law and analysis, the plaintiff has failed to state a claim for relief.

First of all, plaintiff has made no allegations whatsoever against defendant Johnson County, Tennessee or its defendant Mayor, Richard Grayson. Thus, there are no contentions or claims against these defendants which can be screened. While a *pro se* plaintiff's pleading must be liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court is not obliged to assume that a plaintiff would be able to show facts not alleged or that defendants have violated the law in ways not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996). Because there are no allegations of wrongdoing against these defendants, plaintiff has failed to state a claim against them.

Secondly, though the Court recognizes that plaintiff's allegations against defendant Sheriff Mike Reece in his official capacity are, in effect, against the entity he represents (i.e., Johnson County), *see e.g., Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003)

(noting that "individuals sued in their official capacities stand in the shoes of the entity they represent"), this helps plaintiff not one whit because he has failed to state a claim against either of them.

Plaintiff has sued defendant Reece for conduct engaged in by "his agents at the Johnson County Jail;" thus, he is seeking to impose supervisory liability on the Sheriff. However, this theory is unworkable in this particular lawsuit because § 1983 liability must be based on more than respondiat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir. 1995); *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). While a supervisor can be held liable if he plays an active role in the alleged misconduct, no liability attaches if he merely fails to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Also, plaintiff must establish the personal involvement of each defendant in the supposed constitutional deprivation. *See Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (explaining that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others"). Plaintiff has failed to make the necessary showing.

Absent some concrete showing that this defendant authorized, approved, or knowingly acquiesced in the alleged conduct of his "agents," plaintiff has failed to state a § 1983 claim against him. *Walton v. City of Southfield,* 995 F.2d 1331, 1340 (6th Cir. 1993)*; Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("[I]n the context of a civil rights claim, . . . conclusory allegations of

unconstitutional conduct without specific factual allegations fail to state a claim.") (citing *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir. 1987)).

Nor has plaintiff stated a claim against Johnson County. A municipality, like Johnson County, may be liable if its policy or custom was the moving force behind the violation of constitutional rights. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694-95(1978)). Plaintiff has not identified any policy or custom of Johnson County to deny medical care to inmates.

For the reasons set forth above, the Court finds that plaintiff has failed to state a claim for relief under § 1983 and that his case should be dismissed *sua sponte*. 28 U.S.C. § 1915(e)(2)(B); § 1915A.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE